UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNDAY COSMANO, | ) |
| Plaintiff, | ) |
| | ) No. 17 C 569 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| STATE OF ILLINOIS LOTTERY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Sunday Cosmano, a former lottery sales representative for the State of Illinois Lottery ("Illinois Lottery"), filed this suit alleging retaliation for reporting sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Cosmano alleges that the Illinois Lottery fired her in 2015 because she reported sexual harassment and participated in a sexual harassment investigation in 2009. The Illinois Lottery moves to dismiss the complaint on the grounds that: (1) nine out of the ten retaliatory actions identified in Cosmano's complaint are time-barred, and (2) the retaliation claim is implausible because the time period between the 2009 protected activity and the 2015 termination is too prolonged. Because Cosmano has sufficiently alleged a claim for retaliation, the Court denies the Illinois Lottery's motion to dismiss.

# BACKGROUND[1]

The Illinois Lottery hired Cosmano in 1990 as a lottery sales representative. From 2005 to 2009, Cosmano's supervisor sexually harassed her. In July 2009, Cosmano participated in an investigation regarding the sexual harassment during which she reported her opposition to the unlawful conduct. Soon thereafter, Cosmano began experiencing a series of retaliatory actions that were initiated or influenced by the supervisor whom she had accused of sexual harassment. On September 4, 2009, Cosmano received an oral reprimand. In 2010, Cosmano was suspended on three separate occasions: on April 12 for two days, on July 19 for two days, and on July 28 for one day. The following year, in 2011, Cosmano once again received three suspensions: March 25 for ten days, May 29 for fifteen days, and August 22 for twenty-five days. Three years later, the Illinois Lottery suspended Cosmano for twenty-seven days on February 18, 2014. The Illinois Lottery terminated Cosmano on April 15, 2014 but subsequently reinstated her on September 24, 2015, pursuant to an arbitration order. Three months later, on December 28, 2015, Cosmano was again terminated and subsequently filed a charge with the EEOC on October 24, 2016. In the EEOC charge, Cosmano stated that she was "discriminated against because of [her] sex, female, and in retaliation for engaging in protected activity." Doc. 1-1 at 1. The EEOC issued a Notice of Right to Sue to Cosmano on November 1, 2016. Doc. 1-2 at 1.

# LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well

---

[1] The facts are taken from Cosmano's complaint and the exhibits attached thereto and are presumed true for the purpose of resolving the Illinois Lottery's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. Of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The Illinois Lottery argues that nine of the ten retaliatory acts included in Cosmano's complaint fall outside of Title VII's statutory limitations period because they occurred more than 300 days prior to the date Cosmano filed her EEOC complaint and the Court should dismiss any claims related to those acts.[2] Cosmano responds that her retaliation claim is premised on her final termination in 2015, which is not time-barred. She argues that although the nine earlier acts of retaliation are not separate, cognizable claims under Title VII, they are relevant as background evidence in support of her retaliatory termination claim.

Under Title VII, a charge of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice and failure to do so renders the claim untimely. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). Discrete discriminatory acts that are not charged within the statutory limitations period are not actionable, regardless of whether they are related to acts in a timely charge. *Nat'l R.R.*

---

[2] The Illinois Lottery does not dispute the timeliness of Cosmano's claim regarding her December 28, 2015 termination. *See* Doc. 11 at 3–4 ("Thus, only Plaintiff's claim regarding her December 28, 2015 termination is properly before this court as she failed to exhaust her administrative remedies with regard to her allegations of retaliation between 2009 and 2014.").

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act."). However, Cosmano's retaliation claim is based on her December 2015 termination, for which she timely filed an EEOC complaint, and she does not seek to bring any independent claims based on the earlier acts of retaliation. *See* Doc. 13 at 1–2 ("Plaintiff does not contend that these discrete instances of retaliation are separate, cognizable claims under Title VII because they fall outside of the 300-day time limit"). Furthermore, the Supreme Court has held that Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *Morgan*, 536 U.S. at 113; *see also Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014) (holding that events that occurred 300 days before plaintiff submitted her EEOC charge could be used as circumstantial evidence of retaliation). Accordingly, Cosmano may use the prior acts as background evidence in support of her timely-filed retaliatory termination claim.

The Illinois Lottery also seeks to dismiss the retaliation claim on the grounds that Cosmano's allegations are implausible because too much time has passed between the protected activity and the termination. All that Cosmano need allege at this stage is that she "engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). Because Cosmano alleges that she both reported her opposition to the sexual harassment and participated in an investigation of the sexual harassment, she has sufficiently pleaded that she engaged in a protected activity. *See Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013) ("An employee engages in a protected activity by . . . assisting or participating in any manner in an investigation, proceeding or hearing under Title VII . . . or opposing an unlawful employment practice."). Cosmano has

also adequately pleaded that she suffered an adverse action because the Illinois Lottery terminated her on December 28, 2015. *See Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015) ("A termination is of course a materially adverse employment action."). However, the parties dispute whether Cosmano has pleaded sufficient facts to support her claim that her protected activity was the cause of her termination.

To state a claim for Title VII retaliation, Cosmano must plead a "causal link" between the protected activity and the adverse action. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 387 (7th Cir. 2016). The Illinois Lottery argues that a seven-year lag between a protected activity and an adverse action is too prolonged to state a plausible claim of retaliation. But the Seventh Circuit has cautioned against drawing any "bright-line timing rule . . . to decide whether a retaliation claim is plausible or whether it should go to a jury," *Carlson*, 758 F.3d at 829, allowing a plaintiff to rely on "other circumstantial evidence to support her claim" when the causal inference to be drawn from the timing is weak, *Malin*, 762 F.3d at 560. Cosmano has done more than merely "allege that [she] engaged in protected activity and then, years later, the employer took an adverse action against [her]." *Carlson*, 758 F.3d at 828. Cosmano alleges that immediately after engaging in a protected activity she began experiencing a series of adverse employment actions that lasted more than six years and culminated in her termination. These began with an oral reprimand in 2006, followed by several suspensions occurring between 2010 and 2014. In April 2014, the Illinois Lottery terminated Cosmano for first time and then reinstated her in September 2015, pursuant to an arbitration order. Three months later, the Illinois Lottery terminated her again and Cosmano claims that this final termination was the result of an ongoing campaign of retaliation that began after the protected activity.

Drawing all reasonable inferences in Cosmano's favor at this stage, she has sufficiently stated a claim for retaliation by alleging "a long campaign of retaliatory actions" connecting her protected activity with her termination. Doc. 13 at 2. The Illinois Lottery's argument that Cosmano's retaliation claim is implausible due to the length of time between the protected activity and the termination goes to the "strength of [plaintiff's] case." *Stark v. Foxx*, No. 14-cv-148-jdp, 2015 WL 1321587, at *4–5 (W.D. Wis. Mar. 24, 2015) (allowing complaint to proceed despite four-year time interval between protected activity and adverse employment action, noting that defendant's arguments went to the "strength" of the plaintiff's case). Although the passage of seven years between the protected activity and the termination renders the theory less compelling, it is not so implausible as to warrant dismissal. *See id.* at *5 (motion to dismiss denied where plaintiff "sketched out" a theory, which was not compelling but was minimally plausible, connecting his protected activity with the defendant's alleged retaliatory failure to promote). Cosmano has pleaded facts sufficient to satisfy the standards for a motion to dismiss. *See Carlson*, 758 F.3d at 827 (finding that plaintiff's allegations were sufficient to survive a motion to dismiss where the plaintiff had alleged an ongoing pattern of retaliation from the time of her protected activity until the alleged adverse action). Thus, Cosmano's retaliation claim may proceed to discovery.

## CONCLUSION

For the foregoing reasons, the Court denies the Illinois Lottery's motion to dismiss [10] and orders the Illinois Lottery to answer the complaint by August 31, 2017.

Dated: August 10, 2017

_____
SARA L. ELLIS
United States District Judge