December 16, 2020

Honorable Judge Sara L. Ellis
Office of Clerk of the U.S. District Court
United States Court House
219 South Dearborn Street
Chicago, Illinois 60604

FILED
DEC 22 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RE: Case No.: 1-17-CV-00569
Sunday Cosmano v. State of Illinois Lottery
Plaintiff                Defendent

Dear Honorable Judge Sara L. Ellis;
I chose to take precious time to convey the facts regarding page 3 of 5 filed on January 25, 2017, prior to any briefings be held regarding the status and outcome of the Summary Judgement process. In July 2009, I reported in writing ongoing sexual harassment by my supervisor, Mr. Jeff Allen. Paragraph 13 E states immediately after reporting her opposition to the sexual harassment to the investigators Plaintiff began experiencing an ongoing series of adverse employment actions that were initiated or influenced by the supervisor whom she had accused of sexual harassment. On July 24, 2009, Mr. Jeff Allen, my Regional Manager, sent me an e/mail stating their will be a Regional Sales meeting held today starting at 1:00pm. I drove to the lottery office and sat

IN HIS MEETING. MR. JEFF ALLEN HOLDS A FIVE MINUTE MEETING AND SUDDENLY ORDERS ALL LOTTERY REPS BACK TO OUR ROUTES. AS SUCH, I DROVE ON OR ABOUT 16 HOURS ON JULY 24, 2009. DUE TO THE EXCESSIVE DRIVING DEMONSTRATED, MY TOP NUMBER TO MY BLOOD PRESSURE'S READING WAS AT 2980. A PHARMACIST HAPPENED TO BE PRESENT AT THE SCENE. DUE TO MR. JEFF ALLEN'S ACTIONS, THIS CAUSED ME TO LAND SUDDENLY AT NORTHWEST COMMUNITY HOSPITAL IN ARLINGTON HEIGHTS, ILLINOIS, FOR THREE DAYS. DR. DONALD KUHLMAN RELEASED ME AFTER THREE DAYS, AND WAS TREATED BY THIS NEUROLOGIST FOR SIX WEEKS. DR. DONALD KUHLMAN RELEASED ME BACK TO WORK ON SEPTEMBER 07, 2009. THE MANAGEMENT FROM THE STATE OF ILLINOIS PUNISHED ME FOR PLACING IN WRITING THAT I HAVE BEEN SEXUALLY HARASSED BY MR. JEFF ALLEN FOR YEARS. AS SUCH CONDUCT, THIS INCIDENT NEARLY COST ME MY LIFE. THE MANAGEMENT ORDERED MR. JEFF ALLEN TO HOLD A FIVE MINUTE MEETING AND ORDER THE LOTTERY REPS BACK TO THE FIELD. IN MY 25 YEARS EMPLOYED WITH THE ILLINOIS STATE LOTTERY, I HAVE NEVER WITNESSED ANY REGIONAL MANAGER EVER DOING THIS. IN ADDITION, MR. FRED REED, A FORMER CO-WORKER AND MY UNION STEWARD WAS FOUND UNRESPONSIVE IN THE STATE BUILDING, IN THE LOTTERY OFFICE BUILDING LOCATED AT 9511 HARRISON IN DES PLAINES, ILLINOIS 60016. THE LATE FRED REED

was pronounced dead the next day at Lutheran General Hospital. The late Mr. Fred Reed informed me and Gail Carlson, a supervisor, that he could not take all the stress at that Lottery office one month prior to this incident taking place. The late Mr. Fred Reed's death preceeded my isolated incident. It remains my hope that I will win at the summary judgement hearing and will be able to take this discrimation law suit to trial.

Respectfully Submitted,

Sunday A. Cosmano

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUNDAY COSMANO,

    Plaintiff,

v.

STATE OF ILLINOIS LOTTERY,

    Defendant.

No. 1:17-cv-00569

COMPLAINT

Plaintiff Sunday Cosmano complains of Defendant State of Illinois Lottery as follows:

1. This is an action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964.

2. Plaintiff is Sunday Cosmano, who resides in Cook County, Illinois.

3. Defendant is the State of Illinois Lottery, which is an agency of the State of Illinois and has administrative offices located at 122 South Michigan Avenue, 19th Floor Chicago, Illinois.

4. Plaintiff was employed by Defendant beginning in 1990 and worked out of offices located in the Northern District of Illinois.

5. Plaintiff was employed but is no longer employed by Defendant.

6. Defendant discriminated against Plaintiff beginning on or about July 2009.

7. Defendant is not a federal government agency, and Plaintiff has filed a charge against Defendant asserting the acts of discrimination indicated in this complaint with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC), on October 24, 2016. *See* Exhibit 1. It is the policy of both the Equal Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. Plaintiff has no reason to believe that this policy was not followed in this case.

8. The EEOC has issued a Notice of Right to Sue, which was received by Plaintiff on November 1, 2016. *See* Exhibit 2.

9. Defendant discriminated against Plaintiff because of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964.

10. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343(a)(3) and 42 U.S.C. § 2000e-5(f)(3).

11. Venue is proper under 28 U.S.C. §1391(b). All events occurred within the Northern District of Illinois and all parties to the case reside or have offices within the Northern District of Illinois.

12. Defendant terminated Plaintiff's employment and retaliated against Plaintiff because Plaintiff asserted rights protected by Title VII of the Civil Rights Act of 1964.

13. The facts supporting Plaintiff's claim of discrimination are as follows:

    a. Plaintiff was employed by Defendant beginning in 1990 as a lottery sales representative.

    b. Beginning in or around 2005, and continuing until 2009, Plaintiff was sexually harassed by her supervisor

    c. In or around July 2009, Plaintiff participated in an investigation regarding the sexual harassment, during which she reported her opposition to the ongoing sexual harassment to the investigators and participated in the investigation.

    d. Plaintiff's participation in the investigation and report of the ongoing sexual harassment by her supervisor was protected activity under Title VII of the Civil Rights Act of 1964.

    e. Immediately after reporting her opposition to the sexual harassment to the investigators, Plaintiff began experiencing an ongoing series of adverse employment actions that were initiated or influenced by the supervisor whom she had accused of sexual harassment.

    f. The retaliatory adverse employment actions lasted for years and included, but were not limited to, increased scrutiny, unfavorable work assignments, reprimands, suspensions, and eventually termination of Plaintiff's employment by Defendant.