# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUNDAY COSMANO,

    Plaintiff,

v.

STATE OF ILLINOIS LOTTERY,

    Defendant.

Case No. 1:17-CV-0569

Hon. Sara L. Ellis
Judge Presiding,

## MOTION TO WITHDRAW AS ATTORNEY

John T. Moran asks this Court to allow him to withdraw as attorney for Plaintiff.

### A. INTRODUCTION

1. Plaintiff is Sunday Cosmano.

2. Plaintiff has sued defendant under Title VII for employment discrimination (sex discrimination) and retaliation. A complaint was prepared and filed by attorney James Vanzant on January 25, 2017.

3. Defendant filed and lost a motion to dismiss on August 10, 2017 (dkt 16, 17).

4. On or about April 24, 2018, attorney Vanzant moved to withdraw as counsel (dkt. 26).

5. Following a hearing, on June 12, 2018 the Court granted the motion to withdraw and gave plaintiff time to the next status date to find new counsel. This did not occur.

6. On or about December 18, 2018, the undersigned attorney filed his appearance on behalf of Plaintiff.

### B. ARGUMENT

7. There is good cause for this Court to grant the motion to withdraw because of the complete breakdown in communications between counsel and the client.

8. For much of the period of counsel's representation, he has had to seek the intercession of Plaintiff's brother, a practicing Illinois attorney, to obtain responses to discovery and to questions arising at various times that required prompt response. A number of times counsel for Plaintiff indicated that unless certain things were done, he would be forced to seek to withdraw.

9. On September 22, 2020 the deposition of Jeffrey Allan, a former employee of defendant Lottery and of a company that contracted to manage the Lottery, was taken. On October 17, 2020 plaintiff's counsel was invoiced for plaintiff's share of the costs and on October 27, 2020 invoiced the client. An earlier bill was underpaid by some $200.00. Plaintiff contends she sent a check to counsel's former offices, at 309 West Washington, Suite 900. As counsel's dozens of emails reflect, he was forced to leave that office in late June 2020, due to the pandemic when the landlord after 25 years refused to renew the lease. No payments have been received.

10. Initial e-mails regarding summary judgment from the undersigned to Plaintiff and her brother were sent on or about February 17, 2020,

11. On or about October 19, 2020, Assistant Attorney General Michael Powell e-mailed the undersigned as to this Court's Standing Order on summary judgment. In that e-mail he refused to provide any information regarding the relationship between a private company, NorthStar, and the Lottery when the deponent conceded he was closely scrutinizing Plaintiff and that he (deponent) had sent out e-mails to other employees concerning Plaintiff. Instead, Mr. Powell wrote that the Court closed discovery on September 22 indicating "that no more extensions would be granted."

12. Mr. Powell wrote the next day that the information was not "new" failing to note that Mr. Allan was the one first revealing his e-mails. Separate counsel for Mr. Allan then wrote the same date, stating that Allan had "provided everything he had to you.".

13. On or about October 28, 2020, Mr. Powell asked to "meet and confer" "regarding the factual matter or legal authority you believe would defeat a motion for summary judgment."

14. The undersigned provided the e-mails to plaintiff's brother on October 29.

15. The only "response" received was that Mr. Cosmano "expected a share of the attorneys fees" for the "countless hours spent helping" the undersigned. The undersigned responded on the same date: "Just take over the case."

16. On or about November 6, 2020, the undersigned informed Plaintiff's brother that I did not agree with his characterizations of the "evidence" and that the defendant was refusing to provide agreements between the Lottery and NorthStar.

17. Counsel for the parties filed a motion to extend the summary judgment briefing schedule on or about November 20, 2020.

18. On or about December 4, 2020, the undersigned sent relevant parts of this matter to an attorney whom he has worked with on other federal matters.

19. On or about November 30, 2020, the Court granted another extension of time relating to summary judgment.

20. On or about December 9, 2020, the undersigned e-mailed Plaintiff's brother that objection was made to paragraphs 29, 3 1-35 and 45. Counsel for defendant said that plaintiff never denied his witness's declarations but opposing counsel never asked her

any questions at her deposition and she is adamant that she did not do what the declarant claims.

21. On Friday, December 11, 2020, at 4:48 p.m. Plaintiff and her brother e-mailed the undersigned to meet on the statement of facts.

22. The undersigned suggested a "zoom" call due to the pandemic and asked for a day and time to set it up.

23. On December 14, another extension motion was filed and thereafter granted.

24. Despite having the draft statement of facts since early November, the client has yet to respond. As late as December 30, 2020, the undersigned asked via e-mail for the plaintiff to call him. Counsel's phone number is on the e-mail. The undersigned also e-mailed opposing counsel concerning not having any idea as to Plaintiff's position.

25. The undersigned also contacted an attorney whom he has done a number of matters with, including a jury trial before Judge Pallmeyer. After review, he declined to enter the case this December.

26. While the Court asked for a response or filing by December 30, 2020, the undersigned was awaiting a response or a telephone call from the client. None came on Thursday or Friday, and none has been received as of today.

27. What is pending is the statement of facts' agreement. The undersigned has provided defense counsel with information as to why he cannot agree to the enumerated paragraphs. He cannot act to zealously advocate for his client due to the lack of any response. The client also took it upon herself to recently write two letters to the Court, dkt. 79, 80, which suggest that she is unhappy with the undersigned.

<u>CONCLUSION</u>

28. The undersigned has been practicing law for 50 years and has never previously encountered a situation such as this.

29. For the foregoing reasons, the undersigned attorney, John T. Moran, moves this Court grant his request to withdraw as counsel for Plaintiff, Sunday Cosmano.

                          Respectfully submitted,

By:    /s/ John T. Moran
       Moran Law Group
       566 West Lake St., Suite 101
       Chicago, Illinois 60661
       johntmoran@protonmail.com
       (312) 405-4474

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on Plaintiff's counsel at the following electronic address provided through the Court's CM/ECF system on January 3, 2021.

Michael M. Powell
Erin Petrolis
Assistant Attorneys General
100 West Randolph St., 13th Floor
Chicago, IL. 60601
mpowell@atg.state.il.us
EPetrolis@atg.state.il.us