THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUNDAY COSMANO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 CV 0569 |
| | ) | |
| v. | ) | Honorable Judge Sara L. Ellis |
| | ) | |
| STATE OF ILLINOIS LOTTERY, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION TO DETERMINE BASIS FOR OUTSTANDING LOCAL RULE 56.1 DISPUTES

Defendant, the State of Illinois Lottery ("Lottery" or "Defendant"), by and through its attorney Kwame Raoul, Attorney General for the State of Illinois, and pursuant to this Court's December 16, 2020, Order, ECF No. 78, moves for the Court to determine whether there is a basis for any outstanding disputes remaining in the Local Rule 56.1 Statement of Undisputed Material Facts and states as follows:

**A. Procedural History**

1. Summary judgment was originally due on November 10, 2020. ECF No. 69.

2. The dispositive deadline schedule was extended three times to provide Plaintiff additional time to comply with the Court's Standing Order on summary judgment. On November 18, 2020, this Court extended the deadline for Defendant to file summary judgment to November 24, 2020, due to Plaintiff's failure to comply with this Court's Standing Order on summary judgment. ECF No. 72. On November 30, 2020, this Court extended the deadline to file summary judgment to December 15, 2020, once again due to Plaintiff's failure to comply. ECF No. 75. On December 16, 2020, this Court extended the deadline to file summary judgment to January 15, 2021. ECF No. 78. This Court also issued a deadline of December 30, 3030, for Plaintiff to comply

with the Court's Standing Order for summary judgments and gave Defendant leave to file the instant motion if Plaintiff failed to comply. *Id.*

3. On December 23, 2020, ex parte communications submitted from Plaintiff to the Court were filed. ECF Nos. 79-80.

4. On January 3, 2021, counsel for Plaintiff filed a motion to withdraw his representation. ECF No. 81.

**B. Defendant's Efforts to Comply with Standing Order**

5. On October 19, 2020, counsel for Defendant issued summary judgment correspondence pursuant to this Court's Standing Order on summary judgment and requested a date to meet and confer with counsel for Plaintiff. On October 28, 2020, counsel for Defendant sent another request to meet and confer. On October 30, 2020, the Parties met and conferred regarding summary judgment. Counsel for Plaintiff required time to discuss summary judgment with his client and, on November 2, 2020, the Parties met and conferred for a second time.

6. On November 6, 2020, counsel for Defendant sent counsel for Plaintiff an initial draft of the Joint Rule 56.1 Statement of Material Facts ("Rule 56.1 Statement").

7. On December 8, 2020, counsel for Plaintiff stated that he objected, without reference to the record, to Paragraphs 29, 31, 32, 33, and 34 of the proposed Joint Rule 56.1 Statement, but could agree to the remainder of the Statement. Counsel for Defendant addressed the objections the same day and counsel for Plaintiff stated he would complete his review as soon as possible. On December 9, 2020, counsel for Plaintiff stated that he still objected to the five paragraphs and objected Paragraph 45. Counsel for Plaintiff did not propose any additional undisputed facts.

8. Counsel for Defendant requested that counsel for Plaintiff provide the specific citations to exhibits that serve as the basis for his objections so the Parties could confer and resolve outstanding disputes.

9. On December 12, 2020, counsel for Plaintiff requested an additional extension of time to identify the specific factual basis for his objections so that they could address outstanding disputes or, in the alternative, withdraw the objections.

10. Pursuant to the Court's December 16, 2020, Order, on December 30, 2020, counsel for Defendant e-mailed counsel for Plaintiff and reiterated the request for counsel to comply with this Court's Standing Order by identifying the factual basis for counsel's disputes of Paragraphs 29, 31, 32, 33, 34, and 45 of the Rule 56.1 Statement so the Parties could confer and attempt to resolve outstanding disputes. Counsel for Plaintiff responded that he was trying to determine whether Plaintiff wanted his continued representation.

11. Plaintiff did not comply with this Court's Standing Order or otherwise seek an extension of time to comply with this Court's December 16, 2020, Order.

12. Despite repeated attempts by counsel for Defendant to confer with counsel for Plaintiff in a good faith attempt to resolve outstanding disputes, he has been unable to do so.

**C. Outstanding Rule 56.1 Disputes**

13. Counsel for Plaintiff has raised disputes regarding the following proposed undisputed material facts:

> 29. On December 1, 2015, at approximately 10:00 a.m., Turner was at the Lottery's office in Des Plaines, Illinois. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail. Turner observed Plaintiff, Sunday Cosmano, walking quickly out of the office, do a stutter step, and Turner heard a soft plop. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail. Turner saw a small amount of what appeared to be fresh human feces on the floor immediately behind Plaintiff. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail. Turner confirmed with her co-worker, Willie Norman, that the substance was feces. Ex. F, Turner Dec. ¶ 2;

Ex. J, December 1, 2015 Turner E-mail. Turner picked the substance up with paper and confirmed from the smell and feel that it was feces. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail. Turner notified a security guard about what she had observed and became aware of additional feces on the floor outside of the office, along the route of Plaintiff's departure. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail.

31. On December 1, 2015, at approximately 10:15 a.m., Turner informed Scarpelli that she had just observed Plaintiff defecate in the Lottery office. Ex. F, Turner Dec. ¶ 2; Ex. J, December 1, 2015 Turner E-mail; Ex. N, Scarpelli Dec. ¶ 2; Ex. K, December 1, 2015 Scarpelli E-mail.

32. Turner informed Muir that she had observed Plaintiff defecate in the Lottery's office. Ex. D, Muir Dep. at 47:8-48:20.

33. Scarpelli observed feces in the Lottery office and hallway between the Lottery waiting area and Lottery payout windows. Ex. N, Scarpelli Dec. ¶ 3; Ex. K, December 1, 2015 Scarpelli E-mail, Lottery 10.

34. Scarpelli took photographs of the feces and arranged to have it cleaned up. Ex. N, Scarpelli Dec. ¶ 3; Ex. K, December 1, 2015 Scarpelli E-mail.

45. Plaintiff's only evidence in support of her claim of retaliation is that she received an adverse employment action after she made a report that Allan was "winking" at her. Ex. B, Pl. Dep. 89:5-15.

*See* Ex. 1, Proposed Joint Rule 56.1 Statement of Undisputed Facts.[1]

14. Counsel for Plaintiff has objected to Paragraphs 29 and 31-34 as inadmissible hearsay as to what "the woman" (presumably Tommie Turner) may say.[2] *See* Ex. 3, December 8-9, 2020 e-mail correspondence regarding Paragraphs 29, 31-34. Ms. Turner and Mr. Scarpelli provided counsel for Defendant with declarations regarding their personal observations and laying foundation for various documents used in support of the Rule 56.1 statement.[3] The facts proposed in Paragraphs 29 and 31-34 are not based upon inadmissible hearsay. Ms. Turner and Mr.

---

[1] Copies of the relevant exhibits identified in the disputed facts have been attached to this Motion as Group Exhibit 2.
[2] Paragraphs 33 and 34 are unrelated to Ms. Turner. However, Defendant interprets counsel for Plaintiff's e-mail as an objection on the basis of hearsay to these paragraphs as well.
[3] Tommie Turner, a former employee of Defendant, and Ernest Scarpelli, a third-party witness, were disclosed in Defendant's Rule 26(a)(1) initial disclosures.

Scarpelli's declarations are based on their personal knowledge and relate to their own observations and actions on December 1, 2015. To the extent that these paragraphs relate to statements that were made, they fall under Federal Rule of Evidence 803(1) as a present sense impression. *See* Fed. R. Evid. 803(1). Portions of the supporting exhibits to these paragraphs also fall under the Rule 803(6) records of a regularly conducted activity exception to hearsay. *See* Fed. R. Evid. 803(6). These undisputed facts are properly supported by admissible evidence and should be included in the Rule 56.1 statement.

15. Counsel for Plaintiff has objected to Paragraph 45 because he believes it reads like a legal conclusion. *See* Ex. 4, December 9, 2020 e-mail correspondence regarding Paragraph 45. Paragraph 45 is not a legal conclusion. This paragraph is supported by Plaintiff's own testimony identifying the extent of the evidence that she possesses to support her claim. Plaintiff has not identified any deficiency with relying on this testimony, or otherwise provided any evidence to the contrary.

16. Counsel for Plaintiff has not identified any other objections to the Rule 56.1 Statement, nor has counsel identified any exhibits that serve as factual basis to dispute these paragraphs. In light of Plaintiff's failure to identify a sufficient basis to contest the content of the proposed Rule 56.1 Statement, as well as the extensive delay occasioned by Plaintiff, Defendant should be permitted to submit the proposed Rule 56.1 Statement in its current format in support of Defendant's Motion for Summary Judgment.

WHEREFORE, Defendant, the Illinois Lottery, respectfully requests that this Court deny Plaintiff's objections to the Rule 56.1 Statement, enter an order permitting Defendant to submit the joint Rule 56.1 Statement of Undisputed Material Facts attached as Exhibit 1 in support of Defendant's Motion for Summary Judgment, and for any other relief this Court finds reasonable and just.

Respectfully Submitted,

**KWAME RAOUL**                      By:     s/ *Michael M. Powell*
Attorney General                             MICHAEL M. POWELL
State of Illinois Attorney General        Attorney General
                                                           100 West Randolph St., 13th Fl.
                                                           Chicago, Illinois 60601
                                                           mpowell@atg.state.il.us

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on January 4, 2021, I electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

      Respectfully submitted,

By:    <u>s/ *Michael M. Powell*</u>
         MICHAEL M. POWELL